IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL E. WEBER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-637-LPS |
| AMY ARNOTT QUINLAN et al., | : |
| Defendants. | : |

Paul E. Weber, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 11, 2018
Wilmington, Delaware

[signature] STARK, U.S. District Judge:

# I. INTRODUCTION

Plaintiff Paul E. Weber ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) He filed a "supplemental complaint" on May 18, 2018. (D.I. 7) Plaintiff appears *pro se* and has paid the filing fee. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915A(a). Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant has paid the fee all at once or in installments. *See Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. Aug. 23, 2005). Plaintiff has also filed numerous motions for injunctive relief as well as a motion for a scheduling order. (D.I. 11, 14, 15, 21, 22)

# II. BACKGROUND

In July 2002, Plaintiff was convicted by a jury of forgery in the second degree and misdemeanor theft; he was sentenced to 30 days of Level V incarceration for each conviction.[2] *See In the Matter of the Petition of Paul E. Weber for a Writ of Mandamus*, 2018 WL 2446803 (Del. May 30, 2018). The Delaware Supreme Court dismissed Plaintiff's direct appeal of the conviction based on its lack of jurisdiction to hear a criminal appeal unless the sentence imposed is a term of imprisonment exceeding one month or a fine exceeding $100. *See Weber v. State*, 2002 WL 31235418, at *1 (Del. Oct. 4, 2002) (citing Del. Const. art IV, § 11(1)(b)). In 2005, Plaintiff was convicted of

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The exact year of the conviction is not clear. The Complaint states Plaintiff was convicted in July 2002, *see* D.I. 1 at ¶ 20; Plaintiff's direct appeal to the Delaware Supreme Court states that he was convicted in July 2000, *see Weber v. State*, 2002 WL 31235418, at *1 (Del. Oct. 4, 2002); and later, when ruling on the habitual offender status issue, the Delaware Supreme Court stated that Plaintiff was convicted in 2001, *see Weber v. State*, 971 A.2d 135, 158 (Del. 2009).

1

attempted robbery in the first degree and attempted carjacking in the first degree; the Delaware Superior Court granted the State's petition to declare Plaintiff an habitual offender under 11 Del C. § 4214(a). *See In the Matter of the Petition of Paul E. Weber for a Writ of Mandamus*, 2018 WL 2446803 at \*1. Plaintiff's forgery in the second degree conviction was one of the predicate offenses. *See id.* Plaintiff appealed and argued that forgery in the second degree did not qualify as a predicate offense under 11 Del. C. § 4214(a) because he had no right to appeal. *See id.* The Delaware Supreme Court held that the forgery in the second degree was a qualifying offense under § 4214(a) and the unavailability of a direct appeal did not change this result. *See Weber v. State*, 971 A.2d at 158-60. The Delaware Supreme Court noted that Plaintiff could have filed a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a) or a petition for a writ of certiorari. *See id.* at 159-60. It reversed the attempted robbery in the first degree conviction on other grounds, remanded for a new trial, and affirmed the attempted carjacking in the first degree conviction. *See id.* at 143.

Plaintiff was retried upon remand in April 2010 and convicted of attempted robbery in the first degree. *See State v. Weber*, 2017 WL 3638209 (Del. Super. Aug. 22, 2017). Once again, the State filed a motion to declare Plaintiff an habitual offender under § 4214(a). *See id.* The Superior Court granted the motion, and Plaintiff was sentenced to twenty-five years of Level V incarceration for attempted robbery in the first degree. *See id.*

Plaintiff alleges that he is factually and legally innocent of forgery in the second degree and was denied his constitutional right to a fair trial. (D.I. 1 at ¶¶ 21, 25) He alleges that he did not have the remedy of appeal under the Delaware Constitution, could not challenge his sentence under the Delaware Constitution or Delaware law, could not challenge the forgery conviction under Delaware Superior Court Criminal Rules 35(a) or 61, and could not challenge his conviction by means of

certiorari. (*Id.* at ¶¶ 32-36) He alleges that the forgery conviction was used for the purposes of sentencing enhancement and, without the forgery conviction, his sentence would have been three years instead of the twenty-five year sentence he received. (*Id.* at ¶¶ 42-45) Plaintiff alleges the postconviction procedures adopted, promulgated, implemented, and/or utilized by Defendants transgress inherent principles of justice and fundamental fairness and are inadequate to vindicate his substantive rights and redress injustice to him. (*Id.* at ¶ 47) Plaintiff alleges that on April 13, 2018 he issued a final demand to Defendants to provide him with an adequate and meaningful remedy to challenge his forgery conviction. (*Id.* at ¶ 52)

Plaintiff filed a *pro se* motion for postconviction relief of the 2010 conviction on August 6, 2013. *See State v. Weber*, 2017 WL 3638209 (Del. Super. Aug. 22, 2017). The matter was stayed and counsel was appointed to represent Plaintiff through the postconviction process. *See id.* Appointed counsel filed an amended motion for postconviction relief on March 24, 2017. *See id.* Thereafter, the matter was referred to a Commissioner for a report and recommendation, who recommended on August 22, 2017 that the motion for postconviction relief be denied. *See id.* On March 6, 2018, the Superior Court adopted the Commissioner's report and denied Plaintiff's motion for postconviction relief. *See Weber v. State*, 168, 2018 (Del.) at appellant's May 30, 2018 amended opening brief at Ex. B. On April 2, 2018, Plaintiff appealed the March 6, 2018 order to the Delaware Supreme Court. *See id.* at Apr. 2, 2018 notice of appeal. The appeal remains pending.

Plaintiff alleges violations of the United States Constitution and the Delaware Constitution. He seeks declaratory and injunctive relief as well as compensatory and punitive damages. Defendants named in the original complaint have waived service of summons. (*See* D.I. 8)

### III. SUPPLEMENTAL COMPLAINT

On May 18, 2018, Plaintiff filed a motion for leave to file a supplemental complaint; it was docketed as a supplement to the complaint. (D.I. 7) It adds Mike Little ("Little") and Timothy T. Martin ("Martin") as defendants and alleges violations of Plaintiff's right to access to the courts. Plaintiff has also filed motions for injunctive relief and other documents with regard to the access to the courts claims. (*See* D.I. 11, 12 13, 14, 15, 17, 21)

The Court has reviewed the supplemental complaint and its claims against Little and Martin. The claims are only tangentially related to the original complaint at Docket Item 1. The Court considers the supplemental complaint an attempted to join unrelated defendants and claims in violation of Fed. R. C. P. 20(a)(2), which states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

A review of the supplemental complaint reveals that there are not common questions of law and fact to all defendants. Therefore, the Clerk of Court will be directed to open a new case with the caption "Paul E. Weber, Plaintiff, v. Michael S. Little and Timothy T. Martin, Defendants." The complaint in the newly-opened case will be the supplemental complaint (D.I. 7) and all filings related to the supplemental complaint (D.I. 11, 12, 13, 14, 15, 17, 18, 19, 20, 21) will be filed in the new case. The motions will not be considered in the instant case, Civ. No. 18-634-LPS.

The Court observes that Little and Martin have waived service of summons and counsel has entered an appearance. Little and Martin will not be required to file an answer or otherwise plead to the complaint or respond to any motions (D.I. 11, 14, 15, 21) until the Court screens the complaint in the newly-opened case pursuant to the Prison Litigation Reform Act.

## IV. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the

5

screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679

(citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## V. DISCUSSION

### A. Statute of Limitations

As discussed above, Plaintiff was convicted of forgery in the second degree in July 2002. Since then he has sought to challenge that conviction on numerous occasions, and has raised the issue numerous times, most notably after 2005 when he was convicted in another criminal case (later retried in 2010) and deemed an habitual offender under Delaware law. In 2009, when Plaintiff filed a direct appeal on the 2005 robbery conviction, the Delaware Supreme Court addressed the issue of whether Plaintiff's second degree forgery conviction qualified as a predicate offense. *See Weber v. State*, 971 A.2d 135. The Delaware Supreme Court noted that Plaintiff had relief available to challenge the forgery conviction because he could have filed a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a) or sought certiorari review of the forgery conviction. *See Weber v. State*, 971 A.2d at 158-60.

The instant complaint, filed on April 26, 2018, seeks relief under 42 U.S.C. § 1983. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807

F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (internal quotation marks omitted).

Here, the Delaware Supreme Court advised Plaintiff in its April 22, 2009 opinion what steps he could have taken to challenge the forgery conviction as not qualifying as a predicate offense under 11 Del. C. § 4214(a). Despite this notice, Plaintiff did not file the instant complaint until April 26, 2018, some nine years after the April 22, 2009 decision. Hence, it is evident from the face of the Complaint that Plaintiff's claims are barred by the two-year limitations period.[3]

Because Plaintiff's allegations are time-barred, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

B. Habeas Corpus

In addition, to the extent that Plaintiff attempts to challenge his 2010 conviction and/or sentence wherein he was deemed an habitual offender using the forgery in the second degree as a predicate offense, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. June 3, 2011). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[3] Given his numerous filings in the Delaware Courts and rulings made therein, it appears that Plaintiff's claims may also be barred by reason of issue preclusion (collateral estoppel) or claim preclusion (res judicata). *See e.g., Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006); *Morgan v. Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011). The Court need not decide these issues.

determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explained that, "a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The Court takes judicial notice that the 2010 conviction and sentence have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

## VI. CONCLUSION

For the above reasons, the Court will dismiss the Complaint (D.I. 1) as legally frivolous pursuant 28 U.S.C. § 1915A(b)(1). Amendment is futile. All pending motions (D.I. 11, 14, 15, 21, 22) will be denied as moot. In addition, the Court will direct the Clerk of Court to open a new case with the caption "Paul E. Weber, Plaintiff, v. Michael S. Little and Timothy T. Martin, Defendants." The complaint in the newly-opened case will be the supplemental complaint (D.I. 7) and the following filings (D.I. 11, 12, 13, 14, 15, 17, 18, 19, 20, 21) will be filed in the new case. Little and Martin will not be required to file an answer or otherwise plead to the complaint in the newly-

opened case or respond to any motion until the Court screens the complaint in the newly-opened case pursuant to the Prison Litigation Reform Act.

An appropriate Order will be entered.